2011 OK CIV APP 118

**AMERICAN FARMERS & RANCHERS MUTUAL INSURANCE COMPANY, Plaintiff/Appellant,**

v.

**SHELTER MUTUAL INSURANCE COMPANY, Defendant/Appellee.**

No. 108,601.

Court of Civil Appeals of Oklahoma, Division No. 1.

Aug. 4, 2011.

Certiorari Denied Nov. 7, 2011.

Mort Goodwin Welch, WELCH & SMITH, P.C., Oklahoma City, Oklahoma, for Plaintiff/Appellant.

Stephen L. Olson, Pierce Couch Hendrickson Baysinger & Green, L.L.P., Oklahoma City, Oklahoma, for Defendant/Appellee.

CAROL M. HANSEN, Judge.

¶ 1 Plaintiff/Appellant, American Farmers & Ranchers Mutual Insurance Company (AFR), seeks review of the trial court's judgment in favor of Defendant/Appellee, Shelter

Mutual Insurance Company (Shelter), based on its determination their policies contained mutually repugnant "other insurance" clauses and therefore their coverages should be prorated. We hold the Oklahoma Compulsory Insurance Law (OCIL), 47 O.S.2001 §§ 7–600 to 7–612, does not constrain an insurer from declaring its coverage as excess when there is other insurance which covers its insured's liability with respect to a claim also covered by its policy. A dispute between insurers as to which provides primary coverage is a matter of contract. Accordingly, we affirm the trial court's judgment.

¶ 2 The parties submitted this matter on the following stipulated facts. On November 8, 2004, AFR's insured was permissibly driving a 2000 GMC pick-up owned by Shelter's insured when he turned left in front of a 1999 Hyundai, causing a collision. The Hyundai was damaged and its passengers were injured. The pick-up's driver was at fault. The owner and passengers of the Hyundai made claims for property damage and personal injuries against the pick-up's driver for his negligence and submitted the claims to both AFR and Shelter.

¶ 3 AFR's policy provided liability coverage to its insured while he was operating a non-owned automobile, subject to the following other-insurance clause:

> If an insured has other insurance against a loss covered by Part 1 [*i.e. bodily injury and property damage liability* ] of this policy, the company shall not be liable under the policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance ... against such loss; provided, however, the insurance with respect to a ... non-owned automobile shall be excess insurance over any other valid collectible insurance ...

Shelter's policy provided liability coverage to a permissive operator of the 2000 GMC pick-up, subject to the following other-insurance clause:

> If there is other insurance which covers the **insured's** liability with respect to a *claim* also covered by this policy, Coverages A and B [*i.e. bodily injury and property*

*ty damage liability*], of this policy will apply only as excess to such other insurance.

¶ 4 AFR and Shelter jointly settled the claims arising from the accident and prorated the amount of the settlement based on the respective limits of liability in their policies. AFR made its pro rata settlement contributions while reserving the right to assert a claim to recover its contributions from Shelter in the event Shelter's other-insurance clause is deemed invalid due to public policy reasons.

¶ 5 AFR's position below was the OCIL required that the auto liability insurance policy of the owner of a vehicle provide primary liability insurance up to the minimum limits required by the law, and Shelter's policy violated this requirement by declaring the auto liability insurance as excess insurance when the vehicle described in the policy was involved in an accident. AFR contended its policy was excess insurance which should not be required to pay the subject claims until Shelter paid the limit of its coverage. Shelter's position was both policies provided concurrent liability coverage to the pick-up's driver, and both policies contained other-insurance clauses in which each carrier purported to provide excess coverage over other available liability insurance coverage. Shelter contended when concurrent policies have other-insurance clauses which cancel each other, they are mutually repugnant and therefore disregarded, with the loss shared on a pro-rata basis. The trial court agreed with Shelter and entered judgment in its favor.

■ ¶ 6 AFR appeals, contending the trial court erred in failing to apply the OCIL to place the primary recourse of injured persons to the liability insurance of the vehicle owner. The version of the OCIL in effect at the time of the accident provided,

> B. ... [E]very owner of a motor vehicle registered in this state ... shall, at all times, maintain in force with respect to such vehicle security for the payment of loss resulting from the liability imposed by law for bodily injury, death and property damage sustained by any person arising

out of the ownership, maintenance, operation or use of the vehicle. Every person, while operating or using a motor vehicle registered in this state which is not owned by such person, shall maintain in force security for the payment of loss resulting from the liability imposed by law for bodily injury, death or property damage sustained by any person arising out of the operation or use of the vehicle, unless such security has been provided by the owner in accordance with this section which does not exclude said person from coverage.

C. 1. ... [N]o motor vehicle shall be operated in this state unless there is in effect with respect to such vehicle security for the payment of loss resulting from the liability imposed by law for bodily injury, death and property damage sustained by any person arising out of the ownership, maintenance, operation or use of the vehicle. Every person, while operating or using a motor vehicle in this state which is not owned by such person, shall maintain in force security for the payment of loss resulting from the liability imposed by law for bodily injury, death or property damage sustained by any person arising out of the operation or use of the vehicle, unless such security has been provided by the owner in accordance with this section which does not exclude said person from coverage....

47 O.S.2001 § 7–601 (renumbered with minor changes as paragraphs A and B by Laws 2009, c. 62, § 31, eff. November 1, 2009).

¶ 7 In *Equity Mut. Ins. Co. v. Spring Valley Wholesale Nursery, Inc. (Equity Mutual)*, 1987 OK 121, 747 P.2d 947, the Court answered certified questions from the federal district court relating to the application of the OCIL in allocating loss between the insurer of an owner of a commercial vehicle and the insurer of a permissive user of that vehicle. It stated,

Questions of conflict and apportionment of liability between or among insurers arise when more than one policy covers the same loss....

...

The conflict is compounded when concurrent policies have "other insurance" clauses which cancel each other. They may each provide only excess coverage leaving no primary coverage, or both may have escape clauses disclaiming liability if other insurance is available to cover the loss. When concurrent policies have such "other insurance" clauses which cancel each other, we hold that they are mutually repugnant and are to be disregarded, with the loss shared by the insurers on a pro rata basis. Where the insurers have designated in their policies the same method of apportionment, the contracts will control. Absent concurring provisions for apportionment, coverage of the loss is to be shared on a pro rata basis according to the ratio each respective policy limit bears to the cumulative limit of all concurrent policies....

...

Oklahoma's compulsory liability insurance laws do not dictate the determination of primary coverage.... Statutory policy is implicated only when insurers deny liability, not when they are in dispute as to which will provide primary coverage.

*Id.* at 954–955 (footnotes omitted). AFR argues *Equity Mutual* is not controlling in the present matter because the last paragraph quoted above is dictum, and the case did not address the impact of the OCIL on excess insurance clauses.

¶ 8 Even if *Equity Mutual* is not controlling, it is persuasive in its construction of the OCIL. Section 7–601 of the OCIL does not constrain an insurer from declaring its coverage as excess when there is other insurance which covers its insured's liability with respect to a claim also covered by its policy. The statutory policy of the OCIL is implicated only if the insurer denies liability. It does not control a dispute between insurers as to which provides primary coverage. Such a dispute is a matter of contract. The trial court properly resolved the dispute when it determined the policies contained mutually repugnant other-insurance clauses and prorated their coverages. Its judgment is AFFIRMED.

HETHERINGTON, P.J., and BELL, C.J., concur.